CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **REGINALD MIMMS,** | ) | Case No. 7:12CV00125 |
| | ) | Case Nos. 7:00CR00022; 7:99CR00048 |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| vs. | ) | |
| | ) | |
| **J. GRONDOLSKY, WARDEN,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Reginald Mimms, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking to overturn his federal convictions. Upon review of the record, the court concludes that the petition must be summarily dismissed for lack of jurisdiction.

I

Mimms is currently incarcerated at F.M.C. Devens, a federal prison facility in Ayer, Massachusetts. The record indicates that Mimms pleaded guilty, pursuant to a written plea agreement, to charges in separate indictments that he illegally possessed drugs and a firearm and misused a social security number. The court entered judgment on October 24, 2009, sentencing Mimms to 181 months in prison.[1] On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. Mimms then filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, which the court denied as untimely filed. See Mimms v. United States, 7:06CV00013 (W.D. Va. 2006), appeal dismissed, 198 F. App'x 328 (4th Cir. 2006).

---

[1] See United States v. Mimms, Case Nos. 7:00CR00022, 7:99CR00048.

In the present § 2241 petition, Mimms asserts that: (1) under recent court decisions, Fourth Amendment illegal search and seizure issues in his case would be decided differently; (2) Mimms' recent petitions seeking a writ of audita querela were wrongfully denied, in violation of his constitutional rights; and (3) Mimms' sentence was wrongfully enhanced for obstruction of justice.

## II

A district court may grant a writ of habeas corpus under § 2241(a) within its jurisdiction when the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. § 2241(c)(3). Mimms' submission indicates that he is incarcerated in a federal prison facility in Massachusetts. Therefore, this court does not have jurisdiction over his custodian, as required for adjudication of his claims under § 2241. *See In re Jones*, 226 F.3d 328, 331(4th Cir. 2000). The court is satisfied that the interests of justice do not require transfer of this matter to a court with jurisdiction over Mimms' custodian, because it is clear from the record that Mimms is not entitled to relief under § 2241.

Mimms' § 2241 claims challenge the validity of his federal conviction and sentence. If a federal inmate wishes to challenge the validity of his conviction and/or sentence as imposed, he must ordinarily proceed by filing a motion under 28 U.S.C.A. § 2255 in the court in which he was convicted. *In re Jones*, 226 F.3d at 332. Only under very limited circumstances may an inmate challenge the legality of his conviction or sentence by filing a § 2241 petition:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

§ 2255(e) (emphasis added). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

Applying these principles to Mimms' claims, the court concludes that they are not properly addressed under § 2241. Mimms raises challenges to the legality of his convictions, but such claims are cognizable under § 2255. Mimms does not point to a change in the substantive law to show that his offense conduct – possessing drugs and a firearm in violation of federal statutory provisions, or using a social security number unlawfully – is no longer criminal. Therefore, Mimms cannot satisfy the three-part standard under *In re Jones*, 226 F.3d at 333-34, in order to attack his conviction under § 2241. For this reason, the court construes Mimms' motion instead as a § 2255 motion. See Gonzales v. Crosby, 545 U.S. 524, 531-325 (2005) (authorizing district court to construe post-conviction motion as successive § 2255 to prevent defendants from circumventing procedural limits of § 2255).

Mimms previously filed a § 2255 motion, and thus the current § 2255 motion is successive. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Because Mimms offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, the court must dismiss his current action without prejudice. An appropriate order will issue this day.

For the reasons stated, the court has no jurisdiction to address Mimms's § 2241 petition, but will construe and dismiss his submission as a successive § 2255 motion. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 26th day of March, 2012.

*/s/ James C. Turk*
Senior United States District Judge